E-FILED
Tuesday, 02 August, 2011 10:41:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONALD NEWKIRK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARDEE'S FOOD SYSTEMS, INC. and )<br>MJKL ENTERPRISES MIDWEST, LLC, )<br>)<br>Defendants, ) | Case No. 11-CV-2093 |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#17) filed by Defendant, Hardee's Food Systems, Inc. ("Hardee's"), and the Motion for Summary Judgment (#18) filed by Defendant, MJKL Enterprises Midwest, LLC ("MJKL"). On July 1, 2011, pro se Plaintiff, Ronald Newkirk, filed Responses (#28 and #29) to the Motions for Summary Judgment.[1] On July 5, 2011, MJKL filed a Reply (#30) and Hardee's filed a Reply (#31). This court has carefully considered the arguments presented by all parties. Following this careful and thorough review, MJKL's Motion for Summary Judgment (#18) is GRANTED and Hardee's Motion for Summary Judgment (#17) is GRANTED in part and DENIED in part.

## FACTS

On April 19, 2011, Plaintiff, who is African American, filed a pro se Complaint (#1) against Hardee's and MJKL. Plaintiff stated that he was claiming employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e5. In his statement of his claim of

---

[1] Plaintiff's pro se responses are labeled "Motion for Summary Judgment." However, Magistrate Judge David G. Bernthal entered a text order on July 22, 2011, stating that he interpreted Plaintiff's filings as responses to the Motions for Summary Judgment. This court agrees that Plaintiff's filings are properly interpreted as responses.

employment discrimination, Plaintiff checked that he was discharged and demoted. Plaintiff wrote a summary of the essential facts of his claim. He stated that he complained to the general manager, Kurk Brunner, that his hours were going to white employees and about "the constant black jokes and remarks." Plaintiff alleged that his hours were cut even more and he was demoted from head cook to backup cook. Plaintiff alleged that he complained to someone in the main office and she called him "bullheaded" and told him there was nothing she could do. Plaintiff alleged that the harassment got worse, with more employees making black jokes along with the general manager. Plaintiff alleged that the general manager was trying to get him to quit by making his work difficult and giving him fewer hours.

Plaintiff attached copies of documents related to the charge of discrimination he filed against Hardee's with the Equal Employment Opportunity Commission (EEOC) on October 23, 2007. In his charge of discrimination, Plaintiff claimed that he was harassed during his employment at Hardee's. He claimed that he complained about the harassment but no action was taken. He further claimed that he was discharged on "or about" June 2, 2007. Plaintiff claimed that he was discriminated against because of his race and was retaliated against, in violation of Title VII. On December 8, 2010, John P. Rowe, District Director of the EEOC, sent a Determination to Plaintiff and Hardee's. The Determination stated:

> I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that [Hardee's] discriminated against a class of employees, including [Plaintiff], because of their race, Black, in that they were subjected to racial harassment, in violation of Title VII.
>
> This determination is final. When the Commission finds that

> violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter.

On March 1, 2011, the EEOC sent Plaintiff a cover letter and a Notice of Right to Sue. The letter stated that the EEOC's efforts to conciliate this matter had been unsuccessful. The letter and the Notice informed Plaintiff that he had 90 days to pursue private litigation concerning his allegations. As previously noted, Plaintiff's pro se Complaint was filed on April 19, 2011.

On June 14, 2011, Hardee's filed a Motion for Summary Judgment (#17). Hardee's stated that Plaintiff's claims that he was discriminated against and retaliated against must fail because Plaintiff was terminated for job abandonment, not based upon discrimination or retaliation. In its statement of undisputed material facts, Hardee's stated that Plaintiff was hired as a morning cook on May 1, 2006, at the Hardee's located in Mattoon, Illinois. On April 24, 2007, Hardee's terminated Plaintiff's employment due to job abandonment when Plaintiff did not report to work when scheduled for two days and did not notify his managers that he would not be able to report to work as scheduled. Hardee's had a policy that under such circumstances an employee would be terminated for job abandonment. Hardee's attached the Declaration of Kim Lucker, Hardee's Regional Human Resources Manager, in support of these facts. Lucker stated that her Declaration was based upon her personal knowledge and based upon information contained in Hardee's business records.

Hardee's argued that no one could dispute that an employer needs to have its employees report to work when scheduled. Hardee's also argued that an employer cannot tolerate an employee, like Plaintiff, who fails to show up for work for two straight days when scheduled to work without

notifying his employer he will not be reporting for work. Hardee's contended that Plaintiff's failure to work when scheduled was a legitimate business reason for terminating Plaintiff's employment. Hardee's argued that it is entitled to summary judgment on Plaintiff's claims because Plaintiff's own failure to report to work when scheduled, not race discrimination or retaliation, was the cause and reason for his termination.

On June 14, 2011, MJKL also filed a Motion for Summary Judgment (#18). MJKL argued that it was entitled to summary judgment because MJKL did not own Hardee's at the time of Plaintiff's termination and MJKL had no involvement in Plaintiff's termination by Hardee's. In its statement of undisputed material facts, MJKL stated that Hardee's owned and operated the Mattoon Hardee's prior to April 16, 2008. On April 16, 2008, MJKL became a franchisee of Hardee's and operated the Mattoon Hardee's after that date. As part of this deal, MJKL did not assume any responsibilities or obligations for any employment action or decision of Hardee's with regard to Plaintiff or any other employee of Hardee's prior to the acquisition date. MJKL stated that it did hire Plaintiff on September 8, 2008, and Plaintiff's employment continued through October 9, 2008. MJKL supported its statement of facts with the Declaration of James Sennott, the Director of Field Human Resources for Hardee's, and the Declaration of Marissa Briseno, the Director of Loss Prevention for MJKL.

On June 14, 2011, the clerk's office sent Plaintiff a Notice (#19) that a case dispositive motion had been filed. The Notice stated:

> Please be advised that you have **twenty-one (21) days** from the date of filing to respond to the motion. It you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner, 689 F.2d 100 (7th Cir.

> 1982); Timms v. Frank, 953 F.2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. See L.R. CDIL 7.1(D)(2).
>
> When a motion for summary judgment is made and properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P. 56(e) and L.R. 7.1(attached).**

The clerk's office did, in fact, attach a copy of Rule 56 of the Federal Rules of Civil Procedure and a copy of Rule 7.1 of the Local Rules of the Central District of Illinois.

On June 15, 2011, Plaintiff filed a motion to appoint counsel (#20). Plaintiff stated that he had not been able to find an attorney and currently had no income due to his medical problems. He asked the court to appoint an attorney to help him with this case. On June 23, 2011, Judge Bernthal entered an Order (#27) and denied Plaintiff's motion to appoint counsel. Judge Bernthal stated that, after considering the relevant factors, he concluded that appointment of counsel was not warranted in this case. Judge Bernthal stated that "[n]either the legal issues raised in the complaint nor the evidence that might support the Plaintiff's claims are so complex or intricate that a trained attorney is necessary."

5

On July 1, 2011, Plaintiff filed his response (#28) to MJKL's Motion for Summary Judgment. Plaintiff stated that he agreed that MJKL was entitled to judgment as a matter of law because Plaintiff had been terminated by Hardee's before Hardee's sold the restaurant to MJKL on April 16, 2008. Plaintiff stated that he moved to withdraw all claims against MJKL.

On July 1, 2011, Plaintiff also filed his response (#29) to Hardee's Motion for Summary Judgment. Plaintiff asked this court to proceed with his Title VII claim against Hardee's. Plaintiff stated that he was not discharged for job abandonment but was fired in retaliation for reporting to Kurk Brunner "about the constant black jokes, and mistreatment from staff and management." Plaintiff also stated that he "was subjected to continued harassment and racial remarks by Kurk Brunner and other staff members." Despite the explicit notice provided to Plaintiff, he did not support any of his factual statements with an affidavit or other documentary evidence.

On July 5, 2011, MJKL filed a Reply (#30). MJKL stated that Plaintiff admitted the facts included in its Motion for Summary Judgment and moved to withdraw all claims against MJKL. MJKL argued that summary judgment should be entered in its favor.

On July 5, 2011, Hardee's filed a Reply (#31). Hardee's stated that Plaintiff failed to present admissible evidence in support of his statements so that Hardee's statement of facts should be deemed admitted. Hardee's argued that its statement of undisputed material facts is uncontradicted and summary judgment should be entered in its favor.

### ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for

summary judgment, a district court has one task only, "to decide, based upon the evidence of record, whether there is any material dispute of fact that requires trial." Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Pekin Cmty. High Sch. Dist. 303, 213 F. Supp. 2d 917, 929 (C.D. Ill. 2002). Speculation, however, is not the source of reasonable inference. See Burwell, 213 F. Supp. 2d at 929, citing Chmiel v. JC Penney Life Ins. Co., 158 F.3d 966, 968 (7th Cir. 1998).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept his version of events." Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004), quoting Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003). Therefore, "the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Moreover, the non-moving party must respond in support of its factual allegations with admissible evidence pursuant to Fed. R. Civ. P. 56(c)(1).

## II. MJKL's MOTION

There is no dispute that MJKL did not employ Plaintiff at the time Plaintiff has alleged he was subjected to harassment, discrimination and retaliation. Plaintiff has agreed that MJKL is entitled to summary judgment. Accordingly, MJKL's Motion for Summary Judgment (#18) is GRANTED.

## III. HARDEE'S MOTION

After Hardee's filed its Motion for Summary Judgment, Plaintiff received a Notice from this court which specifically advised him of the need to submit evidence contradicting Hardee's assertions. Plaintiff failed to do so. However, it remains "the movant's burden to demonstrate that no genuine issue of material facts exists and that he is entitled to summary judgment as a matter of law." Doe v. Cunningham, 30 F.3d 879, 883 (7th Cir. 1994). Even if the opposing party fails to present relevant evidence in response to a motion for summary judgment, a court cannot enter summary judgment if the moving party fails to meet its strict burden of proof. Cunningham v. Posnet Servs., LLC, 2007 WL 1875983, at *1 (S. D. Ill. 2007). Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995).

This court concludes that Hardee's has provided adequate documentation to show that Plaintiff was terminated for job abandonment and not because of discrimination or retaliation. Plaintiff did not provide any evidence to refute Hardee's documentation. Hardee's also provided pertinent case law authority showing that, based upon the facts provided and supported by the record, summary judgment is appropriate on Plaintiff's claims related to his termination. This court therefore concludes that Hardee's is entitled to summary judgment on Plaintiff's claims that the termination of his employment was based on race discrimination or retaliation.

However, in Plaintiff's pro se Complaint, Plaintiff also alleged that he was subjected to racial harassment and that he was demoted in retaliation for his complaints regarding the racial harassment. In fact, the EEOC "determined that the evidence obtained in the investigation establishes reasonable cause to believe that [Hardee's] discriminated against a class of employees, including [Plaintiff], because of their race, Black, in that they were subjected to racial harassment, in violation of Title VII."

8

Hardee's did not provide any facts or argument regarding these claims and there is no basis for entering summary judgment in favor of Hardee's on Plaintiff's claims that he was subjected to racial harassment and he was demoted in retaliation for his complaints regarding the racial harassment.

IT IS THEREFORE ORDERED THAT:

(1) MJKL's Motion for Summary Judgment (#18) is GRANTED. MJKL is terminated as a party to this case.

(2) Hardee's Motion for Summary Judgement (#17) is GRANTED in part and DENIED in part. Plaintiff's claims that he was subjected to racial harassment and that he was demoted in retaliation for his complaints regarding the racial harassment remain pending.

(3) This case remains scheduled for a final pretrial conference on May 3, 2012, at 1:30 p.m. and a jury trial on May 14, 2012, at 9:00 a.m. All other deadlines set in the Discovery Order (#33) remain in full force and effect.

(4) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 2nd day of August, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE