UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

RONALD NEWKIRK,                    )
                                   )
            Plaintiff,             )
      v.                           )      Case No. 11-CV-2093
                                   )
HARDEE'S FOOD SYSTEMS, INC.,       )
                                   )
            Defendant.             )

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#36) filed by Defendant, Hardee's Food Systems, Inc. (Hardee's).  Following this court's careful consideration of the arguments of the parties, the Motion for Summary Judgment (#36) is GRANTED.

## BACKGROUND

On April 19, 2011, Plaintiff, who is African American, filed a pro se Complaint (#1) against Hardee's and MJKL Enterprises Midwest, LLC (MJKL).  Plaintiff stated that he was claiming employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e5.  In his statement of his claim of employment discrimination, Plaintiff checked that he was discharged and demoted.  Plaintiff wrote a summary of the essential facts of his claim.  He stated that he complained to the general manager, Kurk Burnner, that his hours were going to white employees and about "the constant black jokes and remarks." Plaintiff alleged that his hours were cut even more and he was demoted from head cook to backup cook.  Plaintiff alleged that he complained to someone in the main office and she

called him "bullheaded" and told him there was nothing she could do. Plaintiff alleged that

the harassment got worse, with more employees making black jokes along with the general

manager. Plaintiff alleged that the general manager was trying to get him to quit by making

his work difficult and giving him fewer hours.

Plaintiff attached copies of documents related to the charge of discrimination he filed

against Hardee's with the Equal Employment Opportunity Commission (EEOC) on October

23, 2007. In his charge of discrimination, Plaintiff claimed that he was harassed during his

employment at Hardee's. He claimed that he complained about the harassment but no action

was taken. He further claimed that he was discharged on "or about" June 2, 2007. Plaintiff

claimed that he was discriminated against because of his race and was retaliated against, in

violation of Title VII. On December 8, 2010, John P. Rowe, District Director of the EEOC,

sent a Determination to Plaintiff and Hardee's. The Determination stated:

> I have determined that the evidence obtained in the investigation
>
> establishes reasonable cause to believe that [Hardee's]
>
> discriminated against a class of employees, including [Plaintiff],
>
> because of their race, Black, in that they were subjected to racial
>
> harassment, in violation of Title VII.
>
> This determination is final. When the Commission finds that
>
> violations have occurred, it attempts to eliminate the unlawful
>
> practices by informal methods of conciliation. Therefore, I
>
> invite the parties to join with the Commission in reaching a just

resolution of this matter.

On March 1, 2011, the EEOC sent Plaintiff a cover letter and a Notice of Right to Sue. The letter stated that the EEOC's efforts to conciliate this matter had been unsuccessful. The letter and the Notice informed Plaintiff that he had 90 days to pursue private litigation concerning his allegations. As previously noted, Plaintiff's pro se Complaint was filed on April 19, 2011.

A Rule 16 conference was held on July 14, 2011, before Magistrate Judge David G. Bernthal. Plaintiff did not appear for the conference. On July 27, 2011, Judge Bernthal entered a Discovery Order (#33). The Order set a discovery deadline of December 15, 2011. The deadline for filing case dispositive motions was January 15, 2012. The case was set for a final pretrial conference on May 3, 2012, at 1:30 p.m. and a jury trial on May 14, 2012, at 9:00 a.m.

Both Defendants filed a Motion for Summary Judgment on June 14, 2011. Defendant MJKL argued that it was entitled to summary judgment because it did not own Hardee's at the time of Plaintiff's termination and had no involvement in the termination. Defendant Hardee's argued that it was entitled to summary judgment because Plaintiff was terminated for job abandonment, not based upon discrimination or retaliation. Defendants provided evidentiary support for their arguments.

After the Motions for Summary Judgment were fully briefed, this court entered an Opinion (#34) on August 2, 2011. This court noted that Plaintiff agreed that Defendant MJKL was entitled to summary judgment. Therefore, judgment was entered in favor of

MJKL and MJKL was terminated as a party to this case. This court also concluded that Hardee's had provided adequate documentation to show that Plaintiff was terminated for job abandonment and not because of discrimination or retaliation, noting that Plaintiff did not provide any evidence to refute Hardee's documentation. This court therefore concluded that Hardee's was entitled to summary judgment on Plaintiff's claims related to his termination. This court also concluded, however, that Hardee's did not provide any facts or argument regarding Plaintiff's claims that he was subjected to racial harassment and that he was demoted in retaliation for his complaints regarding the racial harassment. This court therefore denied Hardee's Motion for Summary Judgment as to those claims, which remained pending. This court stated that the case remained scheduled for a final pretrial conference on May 3, 2012 and a jury trial on May 14, 2012, and that all other deadlines set in the Discovery Order (#33) remained in full force and effect.

On December 12, 2011, Hardee's filed another Motion for Summary Judgment. Hardee's stated that, based upon the pleadings, the declaration of Kim Lucker and the deposition of Plaintiff's manager, Kirk Berner, there remained no issue of material fact to be decided by the trier of fact. Hardee's statement of undisputed facts included the following facts. Plaintiff was hired as a morning cook and was employed by Hardee's from May 1, 2006, until Plaintiff's termination for job abandonment effective April 24, 2007. Kirk Berner was Plaintiff's manager. Berner hired Plaintiff and supervised him during his employment. Berner reduced Plaintiff's position and hours because Plaintiff repeatedly failed to report to work when scheduled. Plaintiff did not complain to Berner of racial harassment by any

employee or customer of Hardee's.  Berner did not know of any complaint of racial harassment made by Plaintiff.  Berner did not call or refer to Plaintiff by racial names nor did he racially harass Plaintiff in any way.  Berner did not observe or hear any employee of Hardee's call or refer to Plaintiff in racial terms or racially harass Plaintiff.  In support of these facts, Hardee's attached the declaration of Kim Lucker, Hardee's Regional Human Resources Manager, dated June 10, 2011, and a transcript of the deposition of Kirk Berner. Berner's deposition was taken on November 30, 2011, in Moweaqua, Illinois.

On December 13, 2011, a Notice (#37) was sent to Plaintiff.  The Notice stated:

> NOTICE IS HEREBY GIVEN that a case-dispositive
> motion (such as a motion for summary judgment or motion for
> judgment on the pleadings) has been filed. <u>See</u>
> Fed.R.Civ.P.12(b)(6), Fed.R.Civ.P.56; Fed.R.Civ.P12(c),.
> Please be advised that you have **twenty-one (21)** days from the
> date of filing to respond to the motion. If you do not respond,
> the motion, if appropriate, will be granted and the case will be
> terminated without a trial. <u>See</u>, <u>generally</u>, <u>Lewis v. Faulkner</u>,
> 689 F. 2d 100 (7th Cir. 1982); <u>Timms v. Frank</u>, 953 F. 2d 281
> (7th Cir. 1992).  Under the court's local rules, a motion is
> deemed to be uncontested if no opposing brief is filed. <u>See</u> L.R.
> CDIL 7.1(D)(2).

> When a motion for summary judgment is made and

properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P 56(e) and L.R. 7.1(attached)**.

A copy of Rule 56 of the Federal Rules of Civil Procedure was attached to the Notice sent to Plaintiff. A copy of Local Rule 7.1 was also sent to Plaintiff.

On January 5, 2012, Plaintiff filed a pro se Response (#38) to the Motion for Summary Judgment. Plaintiff stated that he did not attend the deposition of Kirk Berner due to an unspecified "last minute family emergency." Plaintiff insisted, however, that Berner made false statements during his deposition. Plaintiff also stated that there are depositions he wants to take to support his claims. Plaintiff did not include any sworn statements in his Response nor did he attach any affidavits.

On January 9, 2012, Hardee's filed a Reply (#39). Hardee's argued that Plaintiff's Response did not comply with Rule 56 or Local Rule 7.1(D)(2). Hardee's argued that this court should deem its statement of undisputed facts admitted and enter summary judgment

in its favor.

ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In

ruling on a motion for summary judgment, a district court "has one task and one task only:

to decide, based on the evidence of record, whether there is any material dispute of fact that

requires a trial." Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).

In this case, Hardee's provided documentary support for the statements in its

statement of undisputed facts. This statement, and the supporting documentation, show that

Berner did not demote Plaintiff because of his race or because of complaints of racial

harassment. The statement also shows that Berner did not harass Plaintiff because of his race

and did not observe or hear any other employee at Hardee's refer to Plaintiff in racial terms

or racially harass Plaintiff.

Plaintiff was notified that he must respond to the Motion for Summary Judgment "by

affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a

copy of which is attached." He was informed that his "response must set forth specific facts

showing that there is a genuine issue of material fact for trial" and that if he did "not submit

affidavits or other documentary evidence contradicting the defendants' assertions, the

defendants' statement of facts will be accepted as true for purposes of summary judgment."

In his Response, Plaintiff did not respond to Hardee's statement of undisputed facts

and did not counter any of the facts set out by Hardee's with an affidavit or other documentary evidence. Therefore, Plaintiff has conceded Hardee's version of the facts. See Waldridge, 24 F.3d at 922; Stoltey v. Brown, 2007 WL 2681198, at *4 (C.D. Ill. 2007), aff'd 283 Fed. Appx. 402 (7th Cir. 2008); Columbia Pictures, Indus., Inc. v. Landa, 974 F. Supp. 1, 3-4 (C.D. Ill. 1997). This court notes that Plaintiff mentioned his desire to take depositions to support his claims. However, the deadline for completing discovery expired on December 15, 2011. Plaintiff has not shown that he was prevented from completing discovery during the time allowed by the court or, indeed, that he made any attempts to proceed with discovery.

Even though Plaintiff did not adequately respond to the Motion for Summary Judgment filed by Hardee's, this court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995); Stoltey, 2007 WL 2681198, at *4. Hardee's has provided a statement of undisputed facts with supporting documentation. It has also provided pertinent case law authority showing that, based upon the facts provided and supported by the record, there is no basis for Plaintiff's claims against Hardee's and Hardee's is entitled to summary judgment as a matter of law. See Stoltey, 2007 WL 2681198, at *5.

IT IS THEREFORE ORDERED THAT:

(1) Hardee's Motion for Summary Judgment (#36) is GRANTED.

(2) Judgment is entered in favor of Hardee's and against Plaintiff.

(3) This case is terminated. Therefore, the final pretrial conference scheduled for May

3, 2012, and the jury trial scheduled for May 12, 2012, are hereby VACATED.

ENTERED this <u>17th</u> day of February, 2012.


s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE